# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

JOHN MICHAEL CHANDLER
ADC #128340                                                                                        PETITIONER

VS.                                    2:05CV00213 GH/JTR

LARRY NORRIS, Director,
Arkansas Department of Corrections                                                   RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge George Howard, Jr.. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I. Background

On May 7, 2003, a Saline County jury convicted Petitioner of: (1) possession of firearms by certain persons; (2) unlawful discharge of a firearm from a vehicle in the second degree; and (3) aggravated assault. (Docket entry #5, Ex. A.) The jury recommended separate 180-month sentences for the firearm possession and discharge convictions and a 72-month sentence for the aggravated assault conviction. However, because the jury found that Petitioner used a deadly weapon in the commission of the aggravated assault, it recommended an additional statutory enhancement of 180 months, resulting in a 252-month sentence for the aggravated assault conviction (72 months plus the 180-month enhancement). Consistent with the recommendation, the trial court imposed an aggregate 612-month sentence. (Docket entry #5, Ex. A.)

On direct appeal to the Arkansas Court of Appeals, Petitioner's sole argument was that the

trial court erred in allowing the jury to enhance his aggravated assault sentence, based on his use of a "deadly weapon," rather than a "firearm" as required by the enhancement statute, Ark. Code Ann. § 16-90-120.[1]

On September 1, 2004, the Court affirmed. *Chandler v. State*, 2004 WL 1941350 (Ark App. 2004) (unpublished decision). The Court held that Petitioner's argument was procedurally barred because he did not object to the jury instruction that used the term "deadly weapon;" did not proffer an alternative instruction; and did not object when the instruction was given to the jury during the enhancement phase. *Id.* at *2. Alternatively, the Court held that the argument failed on the merits, because there was testimony that Petitioner had used a firearm in the commission of the aggravated assault, and a firearm is considered a type of deadly weapon under Ark. Code Ann. § 5-1-102(4).[2] *Id.* at *2-3. Petitioner did not pursue state post-conviction relief following the disposition of his direct appeal.

Petitioner filed this federal habeas action on August 23, 2005. (Docket entry #1.) In his Petition, he raises three grounds for relief arising from the alleged insufficiency of the evidence supporting his underlying convictions: (1) "I was found guilty of discharging a firearm from a vehicle when no one testified to have seen me fire a weapon at all"; (2) "I was found guilty of

---

[1]The statute provides in pertinent part that "[a]ny person convicted of any offense which is classified by the laws of this state as a felony who employed any firearm of any character as a means of committing or escaping from the felony, in the discretion of the sentencing court, may be subjected to an additional period of confinement in the state penitentiary for a period not to exceed fifteen (15) years." Ark. Code Ann. § 16-90-120(a).

[2]"[As used in the Arkansas Criminal Code:] 'Deadly weapon' means: (A) A firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious physical injury; or (B) Anything that in the manner of its use or intended use is capable of causing death or serious physical injury[.]" Ark. Code Ann. § 5-1-102(4).

aggravated assault when no one testified to seeing me fire a firearm"; and (3) "I was found guilty of possession of [a] firearm by certain persons - there is no weapon in evidence." (Docket entry #1.) Respondent argues that Petitioner's sufficiency of the evidence arguments are procedurally defaulted because he did not raise them in the state court proceedings. (Docket entry #5.) For the reasons discussed below, the Court concludes that Respondent's procedural default argument has merit and Petitioner is barred from pursuing the habeas claims asserted in this action.

## II. Discussion

According to Respondent, Petitioner did not raise his sufficiency of the evidence arguments in his direct appeal or in any state-court postconviction proceeding. "[A] federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court." *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir.2006). To satisfy the "fair presentation" requirement, a habeas petitioner must have referred the state court to "a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Ford v. Norris*, 364 F.3d 916, 921 (8th Cir. 2004). Claims in a federal habeas petition not presented in the state court proceedings and for which there is no remaining state court remedy are defaulted, and a habeas petitioner's default will be excused only if he shows cause and prejudice for the default or a miscarriage of justice. *Winfield*, 460 F.3d at 1034.

In his Reply, Petitioner acknowledges that his "arguments were not brought up to the state," but claims that the circumstances surrounding the failure to raise the arguments were not in his control. As cause to excuse his procedural default, Petitioner relies on the alleged ineffective assistance of counsel in his direct appeal.

Petitioner specifically claims that his sufficiency of the evidence arguments were raised at

4

trial in directed verdict motions, but that his "appeal attorney brought up the argument of the gun enhancement but not the other points that I requested that I am bringing to [the Court] now." (Docket entry #8.) According to Petitioner, his appellate lawyer refused to meet with him, did not follow his instructions on appeal, and "acted on his own."

In support of this argument, Petitioner relies on a letter he received from his appellate lawyer, Darrel Blount. In the letter, dated more than three months after Petitioner's direct appeal had been decided, Blount purports to explain why he only appealed the sentence enhancement issue, his view of the sufficiency of the evidence, and why appellate arguments challenging the sufficiency of the evidence were"specious." Among other things, Blount advised Petitioner that: "There are other avenues that you can take, such as a Rule 37 Motion and/or a Federal Habeas action. You may retain either me or another attorney to assist you, or may file a *pro se* motion and ask the Court to appoint an attorney to assist at no cost to you."

The Court concludes that Petitioner has not demonstrated cause to excuse his procedural default of his sufficiency of the evidence arguments. In order for the alleged ineffective assistance of counsel to constitute cause to excuse procedural default, it "must first be raised as an independent constitutional claim to the state courts[.]" *Clemons v. Luebeers*, 381 F.3d 744, 745 n.4 (8th Cir. 2004). Here, Petitioner did not pursue any state post-conviction relief. Thus, the alleged ineffective assistance of counsel cannot excuse Petitioner's procedural default. While Petitioner asks the Court to overlook his procedural default based on his ignorance of the law, the Eighth Circuit has held that a pro se litigant's ignorance of the law and limited education do not excuse a procedural default. *See Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992); *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1998). Finally, Petitioner has not come forward with any circumstances warranting the

application of the "actual innocence" exception to procedural default.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for Habeas Corpus under 28 U.S.C. § 2254 (docket entry #1) be DENIED, and that this case be DISMISSED, WITH PREJUDICE.

Dated this 23rd day of April, 2007.

_____
UNITED STATES MAGISTRATE JUDGE